IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHNNEY AL OSBORNE, JR., | CV. 05-641-HA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JEAN HILL, DONALD OSCARSON, TERESA HICKS, BRADLEY CAIN, MICHAEL FOLEY, STEVEN BRABB, MICHAEL MILHORN, KATHY STEVENS, and JOHN PETERS, | |
| Defendants. | |

HAGGERTY, District Judge.

Plaintiff filed this 42 U.S.C. § 1983 action on May 6, 2005, and he was given notice of the requirements of the summary judgment rule on September 30, 2005. On December 6, 2005, plaintiff filed a Motion for Summary Judgment [39] which is currently before the court for consideration. Although plaintiff's Motion for Summary Judgment contains a certificate of service which indicates he served his Motion on defendants, no response to the Motion appears in the record.

1 - OPINION AND ORDER

**STANDARDS**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (quoting Fed. R. Civ. P. 56©)).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" Intel Corp. v. Hartford Acc. & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987)). If "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). All reasonable doubts as to the existence of a genuine issue of fact must be resolved against the moving party. Id.

///
///

**DISCUSSION**

On June 29, 2005, plaintiff filed his Amended Complaint which, although vague, appears to raise the following claims:

1. Defendants wrongfully confiscated and destroyed plaintiff's personal and religious belongings, and prevented him from completing several courses of religious study, in violation of plaintiff's First, Fifth, Sixth, and Fourteenth Amendment rights;

2. Plaintiff has been denied literary material of a sexual nature and Uniform Commercial Code material through defendants' use of an unconstitutional administrative rule governing prisoners' receipt of mail that is overbroad in violation of plaintiff's First Fifth, Eighth, Ninth and Fourteenth Amendments, as well as various federal statutory rights.

3. Plaintiff has been denied safe and secure housing at the Oregon State Penitentiary in violation of his Second, Fifth, Eighth, Ninth, and Fourteenth Amendment rights.

In support of his Motion for Summary Judgment, plaintiff has provided the court with a number of documents, including an affidavit authored by himself, and various exhibits which were submitted contemporaneously with his Amended Complaint. In plaintiff's notarized affidavit, he attests that:

1. Defendant Oscarson confiscated and destroyed unspecified personal and religious property, and elected to only replace a single item (a pitcher);

2. Defendant Foley allowed a conflict to develop between plaintiff and another inmate for five minutes before intervening;

3. Defendants Peters, McCain, and Brabb denied plaintiff the freedom to practice his religion; and

> 4. Defendants Milhorn, Hicks, and Stevens interfered with his mail, and defendant Hill allowed this to occur.

Affidavit of Johnny Al Osborne dated September 12, 2005, p. 2.

## I. Destruction of Property.

Although plaintiff attests that defendant Oscarson destroyed unspecified property, this is not sufficient to invoke summary judgment on his first ground for relief. The court is unable to determine whether the unidentified property at issue was of the nature that could have been lawfully confiscated. In addition, an inmate who alleges the deprivation of a property interest caused by the intentional action of a prison official cannot state a constitutional claim if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-131 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). The Oregon Tort Claims Act provides him with an adequate post-deprivation remedy. See O.R.S. 30.260 et seq. Consequently, plaintiff is not entitled to summary judgment on this claim.

## II. Failure to Protect.

Plaintiff's sworn statement that defendant Foley allowed a conflict to occur between another inmate and him for approximately five minutes appears to relate to plaintiff's allegations about a verbal argument between the two inmates for which plaintiff was disciplined after he struck the inmate. Amended Complaint [10], p. 6. "[P]rison officials have a duty . . . to protect prisoners from

4 - OPINION AND ORDER

violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal citation omitted). The failure to protect inmates from attacks by other inmates may violate the Eighth Amendment when (1) the deprivation alleged is "objectively, sufficiently serious" and (2) the prison officials had a "sufficiently culpable state of mind," acting with deliberate indifference. Id at 834. "[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id at 835.

It appears that plaintiff is attempting to assert an Eighth Amendment claim based on Foley's failure to intervene in the argument before plaintiff struck another inmate. Plaintiff's brief description of this incident is not sufficient to establish that a rational trier of fact could not find for defendants on an Eighth Amendment claim. Summary judgment is therefore not appropriate.

**III. Religious Freedom.**

Plaintiff's declaration that defendants Peters, McCain, and Brabb "all have denied [his] religious freedom and practices" is a conclusory statement which does not justify summary judgment.

**IV. Interference with Mail.**

Plaintiff's sworn statement that defendants Milhorn, Hicks, and Stevens "interfered with my mail personal and/or legal" with the consent of defendant Hill is insufficient to show that there is

5 - OPINION AND ORDER

no issue of material fact, and that he is entitled to a judgment as a matter of law. Plaintiff has not described in his affidavit how these defendants interfered with his mail. In addition, plaintiff has neither established that it was mail to which he was constitutionally entitled, nor set out why, if the material in question was subject to such protection, the interference was sufficiently severe to constitute a violation of plaintiff's constitutionally protected rights.

Although plaintiff previously submitted exhibits to his Amended Complaint, those exhibits largely consist of documents which have not been authenticated, and others which are not relevant to the disposition of this case. Based on the evidence properly before it, the court concludes that plaintiff is not entitled to summary judgment.

## **CONCLUSION**

Plaintiff's Motion for Summary Judgment [39] is DENIED.

IT IS SO ORDERED.

DATED this __26__ day of January, 2006.

                                              /s/ Ancer L.Haggerty

                                              Ancer L. Haggerty
                                              United States District Judge